1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CURTIS LEE HENDERSON, SR.,          No. CIV S-08-2383-WBS-CMK-P

12                   Plaintiff,

13          vs.                          <u>FINDINGS AND RECOMMENDATIONS</u>

14   UNITED STATES, et al.,

15                   Defendants.

16   _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26   This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

1

PDF created with pdfFactory trial version www.pdffactory.com

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

4  allege with at least some degree of particularity overt acts by specific defendants which support

5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6  impossible for the court to conduct the screening required by law when the allegations are vague

7  and conclusory.

8         Plaintiff sues the United States, the State of California, and the County of Fresno

9  challenging the constitutionality of the gatekeeping provision of 28 U.S.C. § 2244, which

10  governs second or successive habeas corpus petitions.  According to plaintiff, the provision

11  denies him access to the courts because, under certain circumstances, he will be precluded from

12  filing a second or successive habeas petition without prior authorization from the Court of

13  Appeals.

14         Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey,

15  518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d

16  1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures).

17  As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an

18  actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to contemplated or

19  existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.

20  See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007).  Delays in providing legal

21  materials or assistance which result in prejudice are "not of constitutional significance" if the

22  delay is reasonably related to legitimate penological purposes.  Lewis, 518 U.S. at 362.

23         In this case, plaintiff has not alleged any actual injury with respect to specific

24  contemplated or existing litigation.  Rather, he generally alleges that, in theory, he may be

25  precluded from filing a second of successive habeas corpus provision.  Moreover, the Supreme

26  Court has held that § 2244's gatekeeping provision does not violate the Suspension Clause

2

PDF created with pdfFactory trial version www.pdffactory.com

1   because it constitutes a codification of the equitable principle of "abuse of the writ" and not a

2   suspension of the privilege of the writ of habeas corpus.  See Felker v. Turpin, 518 U.S. 651, 664

3   (1996).  Plaintiff cannot prevail on his constitutional challenge.

4               Because it does not appear possible that the deficiencies identified herein can be

5   cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

6   the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

7               Based on the foregoing, the undersigned recommends that this action be dismissed

8   with prejudice.

9               These findings and recommendations are submitted to the United States District

10   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

11   after being served with these findings and recommendations, any party may file written

12   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

13   Findings and Recommendations."  Failure to file objections within the specified time may waive

14   the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16   DATED:  November 12, 2008

17

18                                   **CRAIG M. KELLISON**
                                    UNITED STATES MAGISTRATE JUDGE

3